

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00730-CR

Steve Anthony **MORALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR2737
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
            Irene Rios Justice
            Beth Watkins, Justice

Delivered and Filed: November 13, 2019

DISMISSED

Appellant, Steve Anthony Morales, entered into a plea bargain with the State, and pled nolo contendere to a felony offense. As part of his plea-bargain, Morales signed a separate "Waiver of Appeal." The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Morales timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed.

*See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

We gave Morales notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal was made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order) (en banc), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Morales's appellate counsel has filed a written response, stating the trial court denied his request for permission to appeal and that counsel has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree that Morales does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH